PERTH AMBOY CITY MARKET, A CORPORATION, PROSECUTOR-APPELLANT, v. SAMUEL BAUM, DEFENDANT-RESPONDENT.

Submitted July 10, 1916—Decided November 20, 1916.

1. On *certiorari* of a District Court judgment after trial where there is a dispute as to what occurred in reference to the trial and there are contradictory certificates of the trial judge, his final certificate in response to a rule of court is taken as truly stating the facts.
2. A District Court has no power to adjourn indefinitely a trial partly finished, and afterward to award judgment without notice to the party against whom it is to be rendered or opportunity to conclude the trial.

---

On appeal from the Supreme Court.

For the appellant, *Joseph E. Stricker.*

For the respondent, *Thomas Brown.*

The opinion of the court was delivered by

PARKER, J.  The Supreme Court on *certiorari* affirmed the judgment of the District Court of Perth Amboy, and this adjudication is brought here for review.  The ground of attack on the judgment of the District Court is that said court lost jurisdiction of the case by an illegal and irregular adjournment.

There is some difficulty in ascertaining from the record just what took place in the District Court. The defendant, who is the present appellant and the prosecutor in the Supreme Court, was regularly served with process, appeared, and the case went to trial without a jury, on July 2d, 1915. The docket shows that certain witnesses were sworn for plaintiff; and then follow these entries:

"(Adjourned to allow defendant to locate Mr. Shostak.)

"September 7th, 1915, judgment was rendered for plaintiff for the sum of $46.43 damages and $5.92 costs of suit."

Defendant having taken its *certiorari* and assigned as reasons the indefinite adjournment and rendition of judgment without notice to defendant, plaintiff traversed the return, alleging that the "adjournment" was really a reservation of decision by the District Court with permission to defendant to produce the witness if this should be done before judgment rendered. The Supreme Court ruled the judge of the District Court to certify whether or not at the conclusion of the trial of said cause * * * on the 2d day of July, 1915, the decision of the judge of said court was reserved, and if so to certify to the Supreme Court the conditions upon which said decision was reserved, if any, and the manner in which judgment was entered thereon.

The judge in response to this certified, in effect, that there had been no adjournment, that the trial had been concluded and decision simply reserved with the privilege to defendant of producing Mr. Shostak at any time before entry of judgment, and in that case the trial would be opened to let in his testimony.

A few days after this certificate, at the instance of defendant prosecutor, the judge made an affidavit stating that his memory was at fault when he made the certificate and that he had relied largely on statements of the plaintiff's attorney; that on further investigation he found that he did not hear all the testimony or reserve decision, but postponed the trial to enable the plaintiff (and not the defendant) to produce Shostak; that defendant's side was not heard or to be heard until Shostak was produced by the plaintiff.

Upon this affidavit being presented to a justice of the Supreme Court, there was a rule on the original plaintiff to show cause why the amended return should not be struck from the files, with leave to take depositions. These were taken and the judge was then ruled to make a "positive and certain return." His final return, so far as concerns the present inquiry, is as follows:

July 2d, 1915. This cause was called at ten o'clock in the forenoon. Plaintiff appeared by Thomas Brown (who moved to amend title of case). Defendant appeared by John A. Delaney for Joseph E. Stricker. Original books of entry produced. Samuel Baum, Dominick Terrola, Dora Baum and Ida Sacarny sworn for plaintiff.

(Adjourned to allow defendant to locate a Mr. Shostak.)

September 7th, 1915. Judgment was rendered for plaintiff for the sum of forty-six dollars and forty-three cents damages ($46.43) and five dollars and ninety-two cents ($5.92) costs of suit.

(Here follows a certificate of the clerk that the foregoing is a true copy of the records, &c.)

#### AMENDED RETURN.

On the 7th day of September, 1915, Thomas Brown, attorney for the plaintiff, appeared in the District Court, in the city of Perth Amboy, and moved for judgment for the plaintiff, which was granted.

(Signature of the judge.)

The net result of all this is, that the Supreme Court had the final certificate of the judge in response to rule of court which must be taken as truly stating what occurred with regard to the trial. *Searing* v. *Lum*, 5 *N. J. L.* 683; *Drake* v. *Camp*, 45 *Id.* 293. From this certificate it appears that there was an indefinite adjournment of the trial, and afterwards, without notice to the defendant, who had taken no testimony, a judgment for plaintiff on the testimony of plaintiff's witnesses alone.

The well-established rule in justices' courts is that there must be a definite adjournment or the court loses jurisdiction of the cause. *Allen* v. *Summit Board of Health*, 46 *N. J. L.* 99, and cases cited, overruling *Darlings* v. *Corey*, 1 *Id.* 200. The same rule applies to District Courts, except that after the hearing is terminated, the court may reserve decision for a reasonable time. *Prudential Insurance Co.* v. *Taylor*, 59 *Id.* 352, 356. The authority in the statute is to adjourn the trial to such time as may be fixed by the court (*Comp. Stat., p.* 1998, § 148), a provision which relates "to the trial of the cause and to such other proceedings therein as require the attendance of parties in order that their interests may be properly conserved." *Prudential Insurance Co.* v. *Taylor, ubi supra.* The provision of section 148 permitting the judge to mark a case "not moved," is not applicable on the facts of this case. It may be that inasmuch as the adjournment appears to have been on defendant's application, the cause could have been reinstated on due notice to defendant to proceed with the trial. This it is not necessary to decide, for no notice was given and judgment was ordered on the *ex parte* application of plaintiff. The District Court was without jurisdiction to award such judgment.

It follows that the judgment of the Supreme Court and that of the District Court are reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.